### TILTON *v.* BARRELL and another.[*]

*(Circuit Court, D. Oregon.* December 27, 1882.)

**1. MARRIED WOMAN—STATUTORY RIGHTS.**

Under the act of October 21, 1880, (Sess. Laws, 6,) the wife is relieved of all "civil disabilities" not imposed upon the husband; and her "rights and responsibilities" as a "parent" are "equal" to those of the latter, and therefore she is, in legal contemplation, as much the head of the family as he is, and he may as well be presumed to be living with her as she with him

**2. SAME—LIABILITY AT COMMON LAW.**

At common law a husband and wife might be jointly sued for a trespass which, in legal contemplation, might be committed by two persons; and this includes an action of ejectment, which was originally only a remedy for trespass upon the rights of the termor or lessee, by depriving him of the possession during his term or time in the land.

**3. SAME—LIABILITY UNDER STATUTE.**

But under the act of October 21, 1880, *supra*, the wife is as liable for the unlawful occupation of another's property as the husband is; and, if they are both in the possession they may be joined as defendants in an action to recover the same as though they were unmarried, and an allegation in the complaint that they "are husband and wife," is immaterial and may be disregarded.

*Affirmed. See 7 Sup. Ct. Rep. 332.
v.14,no.10—39

At Law.  Action to recover possession of real property.

*Henry Ach*, for plaintiff.

*W. W. Chapman*, for defendant.

DEADY, D. J.  The plaintiff, a citizen of New York, brings this action against the defendants, citizens of Oregon, to recover the possession of a tract of land containing 13¼ acres, alleged to be worth $13,000, and situate in the county of Multnomah.  It is alleged in the complaint that the plaintiff is the owner in fee-simple of the premises, and entitled to the possession of the same; that "the defendants are husband and wife," and are in "the wrongful and actual possession" of the premises, and "wrongfully withhold a possession thereof from the plaintiff."

The defendant Aurelia Jane Barrell demurs to the complaint, and assigns as causes of demurrer the following:

"(1) That as the wife of Colburn Barrell she is improperly joined with him in the plaintiff's complaint.

"(2) That the complaint does not state facts sufficient to constitute a cause of action, because she is sued as the wife of her co-defendant, and there are no allegations in the complaint of a cause of action for which she, as such, is responsible or liable."

The allegation that "the defendants are husband and wife" is an immaterial one—quite as much so as if it had been alleged they were father and daughter, brother and sister, uncle and niece, or even partners in trade.  The defendants are not sued *as* "husband and wife," but as Colburn and Aurelia Jane Barrell,—two natural persons, and distinct individuals,—to recover from them and each of them the possession of certain premises which plaintiff alleges that they, both of them, wrongfully withhold from him.  A judgment against one of them for the possession will not authorize the removal of the other.  Nor is it known but that the defendants are in possession under a claim of right to or interest in the premises in both the husband and wife, or in the latter exclusively.  Assuming, as the demurrer admits, that the complaint is true, the occupation of the premises by the wife is as much a wrong to the plaintiff as the husband's.  The removal of one of them upon the judgment and process of the court is as necessary to the full enjoyment of his right of possession as the other.

By the act of October 21, 1880, (Sess. Laws, 6,) the wife is relieved of all "civil disabilities" not imposed upon the husband.  Her "rights and responsibilities" as a "parent" are "equal" to those of the husband.  In short, she is now, in legal contemplation, as much the

head of the family as he is, and he may as well be presumed to be living with her as she with him. More properly speaking, they may be said to live together as equals—conforming, so far as may be, their individuals wills and conduct to the requirements and exigencies of the marital relation.

But I do not understand that, even at common law, ejectment to recover the possession of premises unlawfully withheld did not include the case of an unlawful occupation by a married woman, or that her occupation, if conjointly with that of her husband, was therefore so merged in his that the law could not take cognizance of it and give relief against it directly.

Mr. Chitty says (1 Chit. 105) that for "trespass, which may in legal contemplation be committed by two persons conjointly, and for which several persons may be jointly sued, the husband and wife may be sued jointly for the act of both;" but the wife can only be sued "for her own actual wrongful trespass," and cannot become a party to a trespass "by her previous or subsequent assent" thereto during coverture.

The foundation of the action of ejectment—*ejectione firmæ*—is the trespass committed by the intruder upon the term of the termor or lessee, and originally the relief obtained by it was confined to damages for such trespass, but by the end of the fifteenth century the plaintiff in the writ was allowed to recover both his term and damages. Adams, Eject. 7–9.

The trespass or injury to the plaintiff's right of possession complained of in this case, so far as appears, is the act of each of the defendants, and can only be redressed by a judgment for the possession against both of them. It may be that if the husband is removed from the premises, the wife, from considerations of domestic convenience or marital obligations, will follow him. But she may not; and, as has been said, she may remain in the possession, claiming the same in her own right, and may also allow her husband to return to the premises and occupy under her, and thus compel the plaintiff to relitigate his right to the possession with her in a separate and subsequent action. But the plaintiff is entitled to bring his action against all persons in the actual possession of the premises (Or. Code Civil Proc. 314) and recover the same, as against them all, in one action. If there is any one among them who has no claim to the possession otherwise than as a person sustaining a domestic relation to a co-defendant, he or she must decline the contest, or stand or fall with such co-defendant.

The demurrer is overruled.